Gabriel S. Gross (SBN 254672)
Gabrielle LaHatte (SBN 321844)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Phone: (415) 391-0600
Email: gabe.gross@lw.com
Email: gabrielle.lahatte@lw.com

Jamie D. Underwood (*pro hac vice forthcoming*)
Michael A. David (*pro hac vice forthcoming*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Phone: (202) 637-2200
Email: jamie.underwood@lw.com
Email: michael.david@lw.com

Of Counsel:

J.C. Rozendaal (*pro hac vice forthcoming*)
Michael Joffre (*pro hac vice forthcoming*)
Deirdre Wells (*pro hac vice forthcoming*)
Josephine Kim (Cal. Bar No. 295152)
Kristina Caggiano Kelly (*pro hac vice forthcoming*)
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
Phone: (202) 371-2600
Email: jcrozendaal@sternekessler.com
Email: mjoffre@sternekessler.com
Email: dwells@sternekessler.com
Email: joskim@sternekessler.com
Email: kckelly@sternekessler.com

*Attorneys for Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENDIS PHARMA A/S, ASCENDIS PHARMA GROWTH DISORDERS A/S, and ASCENDIS PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BIOMARIN PHARMACEUTICAL INC., <br><br> Defendant. | Case No. 5:25-cv-03302 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT UNDER 35 U.S.C. § 271(e)(1)** |

Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc. (collectively, Ascendis) bring this action against Defendant BioMarin Pharmaceutical Inc. (BioMarin) for a declaratory judgment of non-infringement. Ascendis alleges as follows:

## NATURE OF THE CASE

1. This is an action for declaratory judgment that Ascendis does not infringe and has not infringed U.S. Reissue Patent No. 48,267 (RE'267 patent) (attached as Exhibit 1) based on, among other things, the "safe harbor" of 35 U.S.C. § 271(e)(1). Ascendis's manufacture, use, and importation of TransCon CNP (navepegritide) in connection with clinical trials of an investigational prodrug product to treat children suffering from achondroplasia, a growth disorder, are exempt from patent infringement liability by the statutory safe harbor. Congress enacted the safe harbor provision to allow companies like Ascendis to conduct the research and development needed to secure regulatory approval from the FDA, so they can work on bringing new medicines to patients who need them without facing immediate threat of patent infringement liability. All of the allegedly infringing conduct that BioMarin complains of is squarely protected from liability under the safe harbor.

2. Ascendis requests declaratory relief because BioMarin has filed a complaint against Ascendis at the U.S. International Trade Commission alleging that Ascendis infringes the RE'267 patent (attached as Exhibit 2). Therefore, there is a present case or controversy between the parties.

3. Ascendis disputes BioMarin's allegations of infringement, and as a result of BioMarin's filing of the ITC complaint, Ascendis is under reasonable apprehension of suit in district court by BioMarin.

## PARTIES

4. Ascendis Pharma A/S is a corporation organized and existing under the laws of the Kingdom of Denmark with its registered office and principal executive offices at Tuborg Boulevard 12, DK-2900 Hellerup, Denmark.

5. Ascendis Pharma Growth Disorders A/S is a corporation organized and existing under the laws of the Kingdom of Denmark at Tuborg Boulevard 12, DK-2900 Hellerup, Denmark. Ascendis Pharma Growth Disorders A/S is a wholly-owned subsidiary of Ascendis Pharma A/S.

6. Ascendis Pharma, Inc. is a corporation organized and existing under the laws of Delaware located at 1000 Page Mill Road, Palo Alto, California 94304. Ascendis Pharma, Inc. is a wholly owned subsidiary of Ascendis Pharma A/S.

7. Founded in 2007 and headquartered in Denmark, Ascendis is a global biopharmaceutical company focused on applying its innovative TransCon technology platform by developing TransCon-based therapies to address unmet medical needs for patients throughout the world. Guided by its core values of Patients, Science, and Passion, Ascendis maintains a portfolio of approved Endocrinology Rare Disease products as well as product candidates to address hypoparathyroidism and growth disorders, such as growth hormone deficiency and, of relevance to the instant action, achondroplasia.

8. On information and belief, BioMarin is a corporation organized and existing under the laws of Delaware with its corporate headquarters, its principal executive offices, and its principal place of business at 770 Lindaro Street, San Rafael, California 94901. BioMarin can be served with process through its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9. BioMarin has alleged that it is the owner of the RE'267 patent. Exhibit 2 ¶ 28.

**JURISDICTION AND VENUE**

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Court has jurisdiction over declaratory judgment claims arising under the patent laws of the United States. *See* 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. This Court has personal jurisdiction over BioMarin because BioMarin has

established minimum contacts with this forum such that the exercise of jurisdiction over BioMarin will not offend traditional notions of fair play and substantial justice. On information and belief, BioMarin does business in this District and maintains its corporate headquarters and principal place of business in this District. Upon information and belief, BioMarin has also been registered to do business in the State of California since at least December 26, 1996. Additionally, on information and belief, BioMarin took actions resulting in the filing of the ITC complaint in this District. *See* Exhibit 2, Ex. 43 (Declaration of Tejas Kheradiva).

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because BioMarin is subject to personal jurisdiction in this District, resides in this District, does business in this District, and maintains its principal place of business in this District. Specifically, BioMarin maintains its corporate headquarters, its principal executive offices, and its principal place of business at 770 Lindaro Street, San Rafael, California 94901. BioMarin lists this address as its global headquarters on its website. *See* https://www.biomarin.com/contact-us/locations/ (attached as Exhibit 3); *see also* Exhibit 2, Ex. 43 ¶ 9 (asserting that "[t]he San Rafael, California facilities comprise BioMarin's global headquarters").

13. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201–2202 between Ascendis and BioMarin as to whether Ascendis's TransCon CNP investigational prodrug product infringes the RE'267 patent. The controversy is immediate and substantial as reflected by BioMarin's ITC complaint (337-TA-3819[1]) filed before the Commission on April 1, 2025, which asserts that Ascendis is infringing the RE'267 patent.

**DIVISIONAL ASSIGNMENT**

14. Pursuant to Civil L.R. 3-2(c), 3-5(b), and General Order No. 44, this is an action pertaining to intellectual property rights subject to assignment on a district-wide basis.

---

[1] 337-TA-3819 reflects the docket number assigned by the Commission upon filing. The Commission will assign an investigation number if and when it institutes an investigation.

3
COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. 5:25-cv-03302

## EXISTENCE OF AN ACTUAL CONTROVERSY

15. As previously referenced, there is an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

16. On March 31, 2025, Ascendis submitted a New Drug Application (NDA) to the U.S. Food & Drug Administration for TransCon CNP (navepegritide) for the treatment of children with achondroplasia. *See* Declaration of Annette Bested Toft ¶ 2 (attached as Exhibit 4). Ascendis's TransCon CNP is an investigational prodrug of CNP administered only once weekly. It is specifically designed to treat achondroplasia by allowing for continuous exposure of active CNP to receptors on tissues throughout the body, including growth plates and skeletal muscle.

17. Achondroplasia—also referred to as ACH—is a genetic condition estimated to affect more than 250,000 people worldwide. It is the most common form of skeletal dysplasia. Serious complications and comorbidities stemming from inhibited skeletal development may affect people with achondroplasia, including: sleep apnea, respiratory problems, chronic back and leg pain from lower spine impingement, sudden infant death from brain stem compression, chronic ear infection leading to hearing loss and speech delay, as well as social and emotional challenges experienced by children. The condition is caused by a genetic mutation in the fibroblast growth factor receptor 3 (FGFR-3) resulting in an imbalance between the stimulatory and inhibitory signaling pathways involved in regulating bone growth.

18. C-type natriuretic peptide (CNP)—a naturally occurring peptide that regulates bone growth—has been shown to counteract the FGFR-3 mutation's growth-inhibiting effects and stimulate growth. CNP exists in two major forms *in vivo*, a 53 amino acid peptide, CNP-53 which is the secreted gene product of the CNP (NPPC) gene and is the major endogenous form in tissues, and a 22 amino acid peptide, CNP-22 which is present in very low picomolar concentrations in plasma. In animal models of achondroplasia, continuous exposure of CNP delivered by a transgene was effective in reversing achondroplasia symptoms, and prolonged continuous exposure of CNP is believed to maximize its therapeutic potential.

19. At this stage, Ascendis's TransCon CNP investigational prodrug product has not

yet received FDA approval. *See id.* ¶ 2. Given that the application was filed on March 31, 2025, the FDA's review process is only just beginning. *See id.* The FDA has not yet informed Ascendis of the target date when it aims to complete its review of the NDA. *See id.* Typically, the target date is set such that NDA approval is many months after the FDA sets the target date. *See id.*

20. Ascendis has not made, used, offered to sell, sold, or imported its TransCon CNP into the United States, other than for reasons directly related to obtaining FDA approval. Specifically, Ascendis, has had TransCon CNP imported into the United States, solely for use in clinical trials and testing to obtain regulatory approval. *See id.*

21. The process works as follows: TransCon CNP drug substance is produced in Europe by Wacker Biotech GmbH. *See id.* ¶ 3. The drug substance is sent to Chicago, where Vetter Pharma Fertigung places it in unlabeled vials. *See id.* The unlabeled vials are sent to Switzerland, where Fisher Clinical Services labels the vial and puts them in cartons. *See id.* These cartons are then sent to clinical testing sites throughout the world. *See id.* The data from all clinical trials conducted anywhere in the world will be reported to the FDA in order to obtain approval. *See id.*

*22.* The cartons and individual vials sent to the United States have a label that states: "Caution: New Drug – Limited by Federal (or United States) law to investigation use." *See id.* ¶ 4. To date, 22,244 labeled vials have been imported into the United States for six clinical trials. *See id.*

23. All of the TransCon CNP that has ever entered into the United States, in any form, is used exclusively to obtain clinical and other testing data that will be provided to the FDA for regulatory approval. *See id.* ¶ 5. Each of these activities are uses reasonably related to the development and submission of information under Federal law, which regulates the manufacture, use, or sale of drugs under 35 U.S.C. § 271(e)(1). In compliance with U.S. law, Ascendis has not sold or offered to sell TransCon CNP in the United States. *See id.* In addition, there have been no sales or offer of sales of TransCon CNP for later importation into the United States. *See id.*

24. Moreover, there have been no excess imported quantities of TransCon CNP into the

United States. *See id.* ¶ 6. All TransCon CNP imported into the United States has been used solely for clinical trials and testing to obtain regulatory approval. *See id.* The number of imported vials corresponds to a forecast so that the number of patients enrolled in the trial can be dosed weekly. *See id.* Ascendis only sends the amount of TransCon CNP that is needed to ensure trial patient treatment on a rolling basis. *See id.* Ascendis does not stockpile TransCon CNP in the United States. *See id.*

25. On April 1, 2025, the day after Ascendis submitted its NDA to the FDA, BioMarin filed its ITC complaint against Ascendis under Section 337 of the Tariff Act of 1930, as amended, before the Commission. *See* Exhibit 2. BioMarin requested that the Commission institute an investigation to remedy the perceived "unlawful and unfair importation into the United States, and sale for importation into the United States, of certain drug products containing C-type natriuretic peptide ('CNP') variants, and components thereof . . . that infringe, directly and/or indirectly, one or more claims of" the RE'267 patent. *Id.* ¶ 1. BioMarin requests that the Commission issue a permanent limited exclusion order and cease and desist orders against Ascendis. *See id.* § XI (Requested Relief).

26. BioMarin's ITC complaint rests upon the allegation that "infringing TransCon CNP drug product, and components thereof, *for commercial sale* have been sold for importation and/or imported into the United States." *Id.* ¶ 45 (emphasis added) (citations omitted). In support of this allegation, BioMarin alleges that Wacker—which it names as a respondent in the ITC complaint—manufactures TransCon CNP drug substance for Ascendis for importation and sale in the United States. *Id.* ¶ 46. Specifically, relying on importation data (at Exhibit 2, Exs. 12–20, 22), it claims that Wacker imported a quantity of TransCon CNP drug substance that "exceeds any quantity that would be solely for uses reasonably related to the development and submission of information to the FDA." *Id.* ¶¶ 48, 55 (citations omitted). Namely, it refers to 24 kg of TransCon CNP as being an "exce[ss]." *Id.* BioMarin misunderstands the importation data in making this assertion. That 24 kg corresponds to TransCon CNP drug substance, an aqueous solution, not the actual amount of TransCon CNP. *See* Exhibit 4 ¶ 7; *see infra* ¶ 21. For example, the 1860.6 gm in entry BUP-

5014989-0/1101 corresponds to only 11.183 gm of TransCon CNP. *See* Exhibit 4 ¶ 7; Exhibit 2, Ex. 15. The true amount of TransCon CNP is exactly what one would expect to see for clinical trials and testing.

27. BioMarin also claims that (1) Ascendis Pharma A/S imported TransCon CNP into the United States, Exhibit 2 ¶ 56 (citations omitted); (2) Vetter imported TransCon CNP drug product into the United States for Ascendis Pharma A/S, *id.* ¶ 57 (citations omitted); and (3) Carbogen Amcis AG imported TransCon CNP linker intermediates into the United States for Respondent Ascendis Pharma A/S, *id.* ¶ 58 (citations omitted).

28. And yet BioMarin's ITC complaint concedes that Ascendis's TransCon CNP investigational prodrug product is not commercially available and has not yet received FDA approval. *See id.* ¶ 5 (alleging only that "Proposed Ascendis Respondents are prepared to commercially launch a drug product containing C-type natriuretic peptide variants upon FDA approval, which is expected by first quarter 2026"); *id.* ¶ 49 ("if the FDA approves TransCon CNP for the treatment of achondroplasia by the first quarter of 2026") (citations omitted); *id.* ¶ 66 ("Voxzogo® is still the only FDA-approved treatment for achondroplasia for children.") (citations omitted). BioMarin's accompanying Public Interest Statement acknowledges the same. *See* Exhibit 2, Public Interest Statement, at 3 ("have not been approved by the . . . FDA . . . for any indication, but are expected to be used for therapeutic purposes, such as treating achondroplasia in children"); *id.* ("The Accused Products have not established a presence in the U.S. market."); *id.* at 5 ("[A]lthough an NDA has been submitted to the FDA, the Accused Products have not been approved by the FDA and are not currently available to U.S. consumers other than in connection with clinical trials.").

29. Nonetheless, BioMarin's allegations to the Commission that there has been a violation of Section 337 based on unfair importation of Ascendis's allegedly infringing TransCon CNP investigational prodrug product establishes the existence of an actual case or controversy.

# COUNT I

## (Declaratory Judgment of Non-Infringement under 35 U.S.C. § 271(e)(1))

30. Ascendis incorporates by reference and realleges paragraphs 1 through 29 above as if fully set forth herein.

31. BioMarin alleges in its ITC complaint (337-TA-3819) that Ascendis infringes one or more claims of the RE'267 patent through Ascendis's importation of its TransCon CNP investigational prodrug product.

32. The manufacture, use, or importation of Ascendis's TransCon CNP investigational prodrug product have not infringed, directly or indirectly, any valid claim of the RE'267 patent.

33. On the contrary, Ascendis's conduct in the United States—which BioMarin alleges infringes the RE'267 patent before the Commission—consists solely of uses reasonably related to the development and submission of information to the FDA or under other Federal laws regulating the manufacture, use, or sale of drugs.

34. Ascendis's activities, including use and importation into the United States of the TransCon CNP investigational prodrug product, have solely been for clinical trials and the tests necessary for the submission of Ascendis's NDA to the FDA. The accused conduct of Ascendis is therefore not an act of infringement under the safe harbor of 35 U.S.C. § 271(e)(1).

35. BioMarin knew or should have known that Ascendis's accused conduct fell within the § 271(e)(1) safe harbor, but it elected to proceed with its allegations without regard to their lack of merit. BioMarin's ITC complaint against Ascendis is objectively baseless because BioMarin filed it with knowledge that Ascendis's accused conduct is comprised of activities that are non-infringing under the safe harbor of 35 U.S.C. § 271(e)(1).

36. BioMarin took these actions knowing that its baseless accusations would cause and have caused a real and concrete injury to Ascendis's investment backed expectations and would and have cast a shadow over Ascendis's attempts to obtain FDA approval of its NDA.

37. As a result of BioMarin's allegations described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment of non-infringement in the instant action. A judicial declaration is necessary and appropriate so that Ascendis may ascertain its rights regarding the RE'267 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Ascendis respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A. A speedy hearing on Ascendis's declaratory judgment claim as authorized by Federal Rule of Civil Procedure 57;

B. A judgment declaring that Ascendis has not infringed and is not infringing, either directly or indirectly, any claims of the RE'267 patent and declaring that Ascendis's manufacture, use, or importation of the TransCon CNP investigational prodrug product does not infringe, directly or indirectly, any claims of the RE'267 patent;

C. A judgment that BioMarin and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Ascendis or the manufacture, importation, or use of the TransCon CNP investigational prodrug product infringes the RE'267 patent, or from instituting, initiating, or pursuing any action or proceeding alleging infringement of the RE'267 patent against Ascendis or customers, manufacturers, users, importers, or suppliers of the TransCon CNP investigational prodrug product;

D. A judgment declaring that Ascendis is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Ascendis its reasonable attorneys' fees, expenses, and costs in connection with this case; and

E. A judgment awarding Ascendis such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 11, 2025 | */s/ Gabriel S. Gross* |
| | Gabriel S. Gross (Cal. Bar No. 254672) |
| Of Counsel: | Gabrielle LaHatte (Cal. Bar No. 321844) |
| | **LATHAM & WATKINS LLP** |
| J.C. Rozendaal (*pro hac vice forthcoming*) | 505 Montgomery Street, Suite 2000 |
| Michael Joffre (*pro hac vice forthcoming*) | San Francisco, California 94111 |
| Deirdre Wells (*pro hac vice forthcoming*) | Telephone: (415) 391-0600 |
| Josephine Kim (Cal. Bar No. 295152) | Email: gabe.gross@lw.com |
| Kristina Caggiano Kelly (*pro hac vice forthcoming*) | Email: gabrielle.lahatte@lw.com |
| **STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.** | Jamie D. Underwood (*pro hac vice forthcoming*) |
| 1101 K Street, NW, 10th Floor | Michael A. David (*pro hac vice forthcoming*) |
| Washington, D.C. 20005 | **LATHAM & WATKINS LLP** |
| Phone: (202) 371-2600 | 555 Eleventh Street, NW, Suite 1000 |
| Email: jcrozendaal@sternekessler.com | Washington, D.C. 20004-1304 |
| Email: mjoffre@sternekessler.com | Telephone: (202) 637-2200 |
| Email: dwells@sternekessler.com | Email: jamie.underwood@lw.com |
| Email: joskim@sternekessler.com | Email: michael.david@lw.com |
| Email: kckelly@sternekessler.com | *Attorneys for Plaintiffs Ascendis Pharma A/S, Ascendis Pharma Growth Disorders A/S, and Ascendis Pharma, Inc.* |